**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CELINA GARDENHIRE,**

    Plaintiff,                                                       **CASE NO.  1:17-cv-1955**

**-vs-**

**DEPARTMENT OF REHABILITATION**             **JUDGE SOLOMON OLIVER, JR.**
**AND CORRECTION, d/b/a GRAFTON
CORRECTIONAL INSTITUTION,**

    Defendant.

_____

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO PLEAD SECOND AMENDED COMPLAINT**
_____

**I.**      **INTRODUCTION**

Plaintiff Celina Gardenhire ("Gardenhire" or "Plaintiff") filed the instant lawsuit on September 17, 2017. (Doc. # 1) (the "Complaint").  Defendant Department of Rehabilitation and Correction ("DRC" or "Defendant") answered the Complaint on December 4, 2017. (Doc. # 4) (the "Answer").  The lawsuit arises from Gardenhire's employment at Grafton Correctional Institution ("GCI") as an Operations Compliance Manager ("OCM") during the period of June, 2014 until her removal on June 30, 2017. (Doc. # 22, Gardenhire Dep. 10-12, Doc. # 22-5, Gardenhire Dep. Ex. 5).

A Case Management Conference was held on January 18, 2018 in the chambers of the

Honorable Judge Oliver, and was attended by respective counsel for both Plaintiff and Defendant. On January 19, 2018, the Court issued a Case Management Conference Order setting forth the case schedule. (Doc. # 10) (the "Order"). The Order noted that "there may be the possibility that Plaintiff's Complaint will be amended to add claims, including for Plaintiff's termination from Defendant's employment, but all would agree that, as of today, those claims are not yet ripe due to related matters currently pending in state administrative proceedings and subject to the EEOC administrative process." (*Id*.).

At the time this Order was issued, Gardenhire had had a charge of discrimination (Charge No. 22A-2017-02417) pending before the Equal Employment Opportunity Commission ("EEOC") since May 31, 2017, which was discussed at the Case Management Conference. (Doc. # 22-22, Gardenhire Dep. Ex. 27). This charge contains claims in relation to two five-day suspensions Gardenhire received while employed at GCI but it does not assert any claim in relation to her termination. Further, DRC is unaware of the existence of a charge of discrimination which asserts a claim in relation to Gardenhire's termination. The Order further stated that the parties had until April 2, 2018, to join parties and/or amend the pleadings. (Doc. # 10). On April 3, 2018, Gardenhire filed Plaintiff's First Amended Complaint. (Doc. # 12) (the "Amended Complaint"). It is noteworthy that the First Amended Complaint includes claims referenced in Charge No. 22A-2017-02417 and relative to her termination despite the fact that Gardenhire had not yet received a right-to-sue letter, and despite the Court's above-referenced statement that these matters were not yet ripe because they were subject to the EEOC administrative process. (Doc. # 10). DRC answered Plaintiff's Amended Complaint on April 14, 2018. (Doc. # 13). After the completion of discovery, DRC filed its Motion for Summary Judgment on February 19, 2019. (Doc. # 27). DRC moved, in part, for dismissal of all

Gardenhire's Title VII claims for which she failed to exhaust her administrative remedies. (Doc. # 27, PageID # 2105-07). Gardenhire filed Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment on April 18, 2019. On May 2, 2019, DRC filed its Reply in Support of Motion for Summary Judgment. (Doc. # 31).

After completion of all the briefing in relation to Defendant's Motion for Summary Judgment, the EEOC issued Gardenhire a right-to-sue notice for Charge No. 22A-2017-02417 on or about May 9, 2019, in care of her counsel, James Hux. (Doc. # 32-2, PageID # 2678). Nearly three months later on August 6, 2019, in a belated attempt to enter the above-referenced notice of right to sue into the record, Gardenhire filed Plaintiff's Motion for Leave to Plead Second Amended Complaint. (Doc. # 32). As set forth in more detail below, the Court should deny Gardenhire's motion.

II.     LAW AND ARGUMENT

    A.     **This Court Should Deny Gardenhire's Motion for Leave to Plead Second Amended Complaint Because she Fails to Make a Showing of Good Cause.**

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that a court should "freely give leave" to amend "when justice so requires." However, it is the law of the Sixth Circuit that "[o]nce the scheduling order's deadline passes, a plaintiff must first show good cause under Rule 16(b) [of the Federal Rules of Civil Procedures] for failure earlier to seek leave to amend before a court will consider whether an amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). In *Commerce Benefits Group v. McKesson Corp.*, 326 Fed. Appx 369 (6th Cir. 2009), the Sixth Circuit affirmed the district court denial of motion to amend for failure to show good cause where "the district court pointed out that 'all parties should have been joined and pleadings amended nearly four months ago,' that 'the case has already progressed past the dispositive discovery deadline and the original filing deadline for

3

dispositive motions,' that '[Defendant] has already moved for summary judgment,'" as well as the fact that Plaintiff "could not adequately explain its delay in bringing the claims – indeed, the factual basis for the new claims existed at the beginning of the lawsuit…" *Id.* at 376.

Likewise, in *Jones v. Garcia*, 345 Fed. Appx. 987 (6th Cir. 2009), the Sixth Circuit affirmed the district court's denial of Plaintiff's motion to amend for failure to show good cause where Plaintiff's "motion to amend came more that three months after the dispositive motion deadline had passed and several months after the parties had completed discovery. . . [and] the motion appears to have been prompted only by the [Defendants'] motion for summary judgment…" *Id*. at 990. *See also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming the district court's denial of leave to amend because plaintiff was aware of the basis of claim for months prior to seeking amendment, the time for discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed.)

In the present case, Gardenhire attempts to amend her complaint to add the EEOC's notice of the right to sue for Charge No. 22A-2017-02417. Specifically, Gardenhire seeks to amend her complaint nearly twenty three months after filing her original complaint, more than eight months after the Court's latest scheduling order deadline for completing discovery, and more than five months after DRC filed its summary judgment motion to dismiss Gardenhire's complaint. (Doc. # 27).

Moreover, much like the plaintiffs in *Commerce Benefits Group*, *Jones,* and *Duggins*, Gardenhire fails to adequately explain her delay in obtaining a right-to-sue letter and seeking leave to amend her complaint to add it to the record. Gardenhire's failure to adequately explain her untimely motion for leave to amend, in order to add the right to sue notice, is not surprising given the fact that the delay appears to be due simply to lack of diligence. Gardenhire's counsel

4

was well aware prior to the filing of her First Amended Complaint that she could not pursue claims for which she has not exhausted her administrative remedies. Specifically, this matter was discussed nineteen months ago during the Case Management Conference and memorialized in the Court's Case Management Conference Order. (Doc. # 10). Furthermore, like the plaintiff in *Jones*, Gardenhire's latest motion for leave to amend appears to have been prompted by DRC's motion for summary judgment, which pointed out that those claims for which she has not received a right-to-sue letter must be dismissed as premature for failure to exhaust her administrative remedies.

Accordingly, Gardenhire has failed to show good cause and her Motion for Leave to Plead Second Amended Complaint Instanter should be denied.

## II. CONCLUSION

For the foregoing reasons, Defendant Department of Rehabilitation and Correction respectfully requests that this Court deny Gardenhire's Motion for Leave to Plead Second Amended Complaint Instanter.

    Respectfully submitted,

    DAVE YOST (0056290)
    Ohio Attorney General

    */s/ Joseph N. Rosenthal*

    JOSEPH N. ROSENTHAL (0018117)
    *Lead Counsel*
    ANNA M. SEIDENSTICKER (0046761)
    Principal Assistant Attorneys General
    Employment Law Section
    30 East Broad Street, 23rd Floor
    Columbus, Ohio 43215
    (614) 644-7257 – Telephone
    (614) 752-4677 – Facsimile
    elsreview@ohioattorneygeneral.gov

## **CERTIFICATE OF SERVICE**

This will certify that the foregoing was filed electronically on August 20, 2019. This filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Joseph N. Rosenthal*

JOSEPH N. ROSENTHAL (0018117)
*Lead Counsel*
Principal Assistant Attorney General