UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARDENHIRE | ) | CASE NO. 1:17-cv-01955 |
| | ) | |
| | ) | JUDGE: SOLOMON OLIVER, JR. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S REPLY IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| OHIO DEPARTMENT OF | ) | **LEAVE TO PLEAD** |
| REHABILITATION AND CORRECTIONS | ) | |
| d/b/a GRAFTON CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| Defendant. | ) | |

## I.  INTRODUCTION

Plaintiff Celina Gardenhire instituted this lawsuit against Defendant Ohio Department of Rehabilitation and Correction.  Currently, Defendant's Motion for Summary Judgment and Gardenhire's Brief in Opposition are being considered by the Court.  The Court has stated that it is waiting to fully decide on Defendant's Motion for Summary Judgment until Gardenhire's Motion for Leave to Plead is decided.

Throughout the course of the case, Gardenhire has maintained that she believed all of her EEOC charges were consolidated. (Doc. #31).  Consolidating EEOC charges in this manner is a regular occurrence, so Gardenhire's belief that it occurred is not unreasonable.  Gardenhire's belief that the charges were consolidated is the main reason that her termination and other discriminatory actions, outlined in Charge 22A-2017-02417, perpetrated by Defendant were included in her Complaint. (Doc. #1).  It's also important to note that although ODRC knew of Charge 22A-2017-02417 at the January 19, 2018 Scheduling Conference, it refused to provide the charge number to plaintiff's counsel.

Because of the uncertainty surrounding the consolidation of charges, Gardenhire did not change the complaint to reflect separate charges when she filed her First Amended Complaint. In fact, one of the primary reasons for filing her First Amended Complaint, was to remove an additional named defendant who could not be held personally liable under Title VII for his discriminatory actions towards Gardenhire. (Doc.#12). This was also discussed in the January 19, 2018 Scheduling Conference. Any implication from Defendant that Gardenhire was deliberately including information on a claim that she believed was not ripe, is entirely misplaced.

ODRC is correct in stating that the right to sue was issued on May 9, 2019. However, Plaintiff's counsel did not receive the actual right to sue until significantly later. This is because the right to sue came from the Department of Justice, as opposed to coming from the regional EEOC field office, which is usually the case. Plaintiff's counsel filed the motion for leave to plead as soon as practicable after receiving the right to sue.

## II. LAW AND ARGUMENT

**The Court Should Grant Gardenhire's Motion for Leave to Plead Second Amended Complaint Because She Makes A Showing of Good Cause**

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that a court should "freely give leave" to amend "when justice so requires." However, it is the law of the Sixth Circuit that "[o]nce the scheduling order's deadline passes, a plaintiff must first show good cause under Rule 16(b) [of the Federal Rules of Civil Procedures] for failure earlier to seek leave to amend before a court will consider whether an amendment is proper under Rule 15(a) ." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Here, Gardenhire has clearly shown good cause. First, plaintiff's counsel was unable to obtain the relevant charge number until late into 2018, with additional discovery submitted in early

2019.  This is in large part due to several joint motions to extend the discovery deadline, while ODRC was in the process of producing a document dump of 20,000+ emails and other documents.  Second, although ODRC could have presented Gardenhire's counsel with the Charge 22A-2017-02417, it refused to do so.  This directly contributed to extending the length of time it took Gardenhire's counsel to find what charge number ODRC was referring to, examine if it was consolidated, and request the right to sue, if necessary.  Third, although Gardenhire's counsel requested the right to sue on Charge 22A-2017-02417 prior to the briefing of dispositive motions, counsel did not receive it until well after.  Upon receipt and as soon as practicable, Gardenhire's counsel filed the motion for leave to amend.

### III.    CONCLUSION

For the foregoing reasons, the Court respectfully requests that this Court grant Gardenhire's Motion for Leave to Plead Second Amended Complaint Instanter

Respectfully submitted,

_____
James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, OH 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff Celina Gardenhire*

3

**CERTIFICATE OF SERVICE**

I hereby certify that this was filed on the 25th day of August 2018. This filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   _____
                                                   James J. Hux (0092992)
                                                   *Attorney for Celina Gardenhire*