UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CELINA GARDENHIRE, | ) | Case No.: 1:17 CV 1955 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, | ) ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff Celina Gardenhire's ("Plaintiff") Motion for Leave to Plead *Instanter* Second Amended Complaint (ECF No. 32). For the following reasons, the court grants Plaintiff's Motion.

The circumstances and posture of this case are somewhat unusual. Plaintiff filed multiple charges of employment discrimination against Defendant Ohio Department of Rehabilitation and Corrections ("Defendant") with the Equal Employment Opportunity Commission ("EEOC"): Charge No. 22A-2016-0249C ("First Charge") and Charge No. 22A-2017-02417 ("Second Charge"). By the time Plaintiff filed her First Amended Complaint (ECF No. 12) on April 3, 2018, Plaintiff had received a right to sue letter from the EEOC with regard to the First but not the Second Charge. Consequently, some claims—those in the Second Charge—were unripe because Plaintiff had not yet exhausted her administrative remedies. The EEOC eventually issued a right to sue letter for the Second Charge on May 9, 2019, and Plaintiff filed the instant Motion on August 6, 2019, which

Plaintiff claims was "as soon as practicable after receiving the right to sue." (Pl.'s Reply at 2, ECF No. 35.) On August 23, 2019, the court granted summary judgment in favor of Defendant with respect to the allegations in the First Charge. (Order, ECF No. 34.) But the court specifically withheld ruling on the Second Charge. (*Id.* at 10 ("[T]he court will withhold ruling on Defendant's Motion for Summary Judgment with respect to claims based on her failure to exhaust her administrative remedies, pending a ruling by the court on Plaintiff's recently filed motion to amend her Complaint.").)

Typically, a court should freely give leave for a party to amend its complaint "when justice so requires," pursuant to Federal Rule of Civil Procedure 15(a)(2). The Sixth Circuit has noted that "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citation and quotation marks omitted). However, where the deadline in a scheduling order for amending the pleadings has passed, Federal Rule of Civil Procedure 16(b)(4) permits modification of the scheduling order "only for good cause and with the judge's consent." A court choosing to modify the schedule upon a showing of cause may do so "only if it cannot reasonably be met despite the diligence of the party seeking the extension." *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Furthermore, "[a]nother important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *See id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

The court finds that, pursuant to Rule 15(a)(2), the interests of justice require allowing Plaintiff to amend her Complaint and that, pursuant to Rule 16(b)(4), Plaintiff has shown good cause. Although this case has progressed far beyond the deadline for amendment, and indeed has advanced

passed summary judgment on the claims in the First Charge, Plaintiff's assertion that she filed the instant Motion "as soon as practicable" is well taken. (*See* Pl.'s Reply at 2, ECF No. 35.) Plaintiff claims that she believed all of her EEOC charges were consolidated and that she promptly moved to amend her Complaint after discovering her mistake. (*Id.*) She also argues that Defendant knew the Second Charge existed and could have provided the identifying charge number to Plaintiff much earlier. (*Id.* at 3.) As noted above, the case rests in a strange posture following the court's order granting summary judgment for Defendant on the allegations in the First Charge. Usually, the case would be dismissed in such circumstances and the plaintiff would file a new complaint if and when new claims arose. But here, the court and the parties already are aware of the allegations in the Second Charge. Thus, the most efficient and best use of judicial resources is to allow Plaintiff to amend her Complaint and proceed in this court. Further, the court finds that allowing Plaintiff to amend her Complaint will not cause significant prejudice to Defendant.

Exercising its discretion, the court grants Plaintiff's Motion for Leave to Plead *Instanter* Second Amended Complaint (ECF No. 32). The court will hold a status conference with the parties on November 14, 2019, at 11:00 a.m., to discuss the remaining claims and establish a schedule to efficiently resolve this case.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 24, 2019